IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-322 |
|---|---|---|
| v. | : | (Judge Rambo) |
| KEVIN DWIGHT HOLLAND | : | |
| Defendant | : | |

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE OF SAID COURT:

**BRIEF IN SUPPORT OF DEFENDANT'S
OMNIBUS PRETRIAL MOTION TO SUPPRESS**

AND NOW, this 24th day of April, 2017, comes the above named Defendant, Kevin Holland, by and through his court-appointed counsel, Wendy J. F. Grella, and files this Brief in Support of his Motion to Suppress and in support thereof, avers the following:

**PROCEDURAL HISTORY**

Mr. Holland is charged with Possession with Intent to Distribute Cocaine Base, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm by a Convicted Felon. Mr. Holland was charged before the Dauphin County Court of Common Pleas for the same conduct. Mr. Holland is currently scheduled to appear before Your Honorable Court for Trial June 5, 2017.

On April 10, 2017, Defendant's Omnibus Pretrial Motion to Suppress was filed. By Order of Court dated April 11, 2017, Your Honorable Court scheduled a hearing on the Motion to Suppress for Monday, May 8, 2017 at 1:30 p.m. The instant brief is filed in compliance with the local federal rules regarding submission of Briefs in Support of Pretrial Motions.

1

# STATEMENT OF FACTS

According to the Police Report issued with regard to this matter, on February 8, 2016, Patrolman Brown was on patrol when he entered the Days Inn parking lot from the Parkway Road entrance. Patrolman Brown noticed an occupied vehicle in the first parking space to his right on the north side of the Days Inn. He noticed it was occupied with two (2) individuals.

The patrolman slowly circled around the building and back to the area where the car was parked. He obtained visual of the vehicle again and the driver backed the car out of the space and started toward the front of the Days Inn. The driver then stopped the vehicle in the front of the Days Inn. The individuals sat there for a short period then pulled into a handicapped parking space and again sat there in the car without anyone exiting. Patrolman Brown then parked his police unit along the curb just south of the main entrance and approached the vehicle on foot. Patrolman Brown did not engage his lights or siren.

The patrolman approached the passenger side of the vehicle and alleges he saw the black male rolling a marijuana "blunt." He immediately advised both the driver and passenger to place their hands on the dashboard as he requested backup. He removed the passenger from the vehicle and handcuffed him to the rear and conducted a search of his person before placing him in the patrol unit. As a result of a search of Mr. Holland's person, crack cocaine and a firearm were recovered. The officers then removed the driver of the vehicle and the parties were advised that they would be searching the vehicle for any additional contraband. A search of the vehicle resulted in the following being found: cigars, a digital scale in a purse on the back seat, 2 glass jars with marijuana residue in the trunk and 1 marijuana roach in the center compartment.

## ARGUMENT

Mr. Holland respectfully avers that the arrest, search and seizure set forth herein violated the Pennsylvania Constitution and violates the United States Constitution for the following reasons:

    a.) Prior to arresting the defendant, Mr. Holland submits the officer did not see him engage in any illegal criminal activity;

    b.) The officer never saw Mr. Holland exchange money or drugs to anyone else;

    c.) Mr. Holland alleges there was nothing illegal in plain view to justify searching the vehicle without a warrant;

    d.) The Officers searched the vehicle without obtaining a search warrant for the vehicle;

    e.) The officers searched the vehicle without consent from the owner and without the defendant's consent; and

    f.) The evidence seized during this illegal arrest and search should be suppressed as fruits of the poisonous tree, as well as any statements made by Mr. Holland.

Mr. Holland further submits the detention, search and seizure of the defendant and the subject vehicle, violated the defendant's rights under the Fourth and Fourteenth Amendment to the United States Constitution and any evidence obtained as a result should be suppressed.

Due to the above, it is believed and therefore averred that any statements made by Mr. Holland were not knowingly, intelligently, and voluntarily made. Therefore, said statement(s) should be suppressed.

## A. Legal Standard.

The Fourth Amendment to the Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. It directs that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Id. Probable cause sufficient to justify a search exists where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983)." In assessing whether an affidavit establishes probable cause to justify a search, the court's review is limited to the four corners of the affidavit.

The Fourth Amendment of the Constitution requires that probable cause support each warrant issued. U.S. Const. Amend. IV. Probable cause to search is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). In assessing whether an affidavit establishes probable cause to justify a search, the court's review is limited to the four corners of the affidavit. United States v. Pinson, 321 F.3d 558, 565 (6th Cir. 2003).

In the instant case, no warrant was ever applied for. The officers conducted a warrantless search of the vehicle after both the driver and passenger had been removed from the car and detained. Neither consented to a search of the vehicle and neither had continued access to the vehicle. Thus a warrant should have been applied for.

## CONCLUSION

WHEREFORE, the defendant, Kevin Holland, respectfully requests that all of the above-described items seized by Patrolman Brown as a result of the search of said vehicle and his person, as well as his arrest on February 8, 2016 be suppressed and excluded from evidence in the above-captioned case.

The search of the vehicle was conducted without a warrant, without probable cause or reasonable suspicion, and Mr. Holland never consented to said search. Further, any statements made by Mr. Holland should be suppressed.

                                        Respectfully submitted,

                                        <u>s/Wendy J. F. Grella, Esquire</u>
                                        Wendy J. F. Grella, Esquire
                                        1119 North Front Street
                                        Suite 1
                                        Harrisburg, PA   17102
                                        (717) 576-0549

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-322 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| KEVIN DWIGHT HOLLAND | : | |
|     Defendant | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of April, 2017, I caused the foregoing document to be filed via ECF and that Assistant United States Attorney Joseph Terz is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Date: April 24, 2017           s/Wendy J. F. Grella_____
                                                  Wendy J. F. Grella, Esquire
                                                  ID- PA85164
                                                  1119 North Front Street
                                                  Suite 1
                                                  Harrisburg, PA   17102
                                                  (717) 576-0549