IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-322 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| KEVIN HOLLAND, | : | |
| Defendant | : | |

## DEFENDANT'S REPLY BRIEF TO UNITED STATES' SENTENCING MEMORANDUM

AND NOW, this 25th day of May, 2018, comes the defendant, Kevin Holland, by and through his court-appointed counsel, Wendy J. F. Grella, Esquire, and files this Reply Brief to United States' Sentencing Memorandum regarding his career offender classification. Mr. Holland and undersigned counsel are respectfully requesting Your Honorable Court find Mr. Holland does not meet the criteria to be designated a career offender.

## I.    FACTUAL AND PROCEDURAL HISTORY

On November 2, 2016, a three-count Indictment was returned charging Mr. Holland with Possession with Intent to Distribute 28 grams and more of a cocaine base, in violation of 21 U.S.C. §841(a)(1); Use, Carry or Possess a Firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1). All counts were alleged to have occurred on or about February 8, 2016.

On October 2, 2017, Mr. Holland pled guilty to the Indictment without a plea agreement. The Presentence Report concluded Mr. Holland is a career offender under the sentencing guidelines based on at least two (2) prior convictions for a controlled substance offense.

Undersigned counsel objected to said classification in her letter to Probation dated December 20, 2017 and filed a Sentencing Memorandum in support of such objection on April 12, 2018 (See Document 52).

Mr. Holland's Sentencing Hearing currently is scheduled to be held June 12, 2018 before Your Honorable Court.


## II.    QUESTION PRESENTED


**WHETHER THE PSR _INCORRECTLY_ CONCLUDED THAT MR. HOLLAND IS A CAREER OFFENDER UNDER THE SENTENCING GUIDELINES BASED ON HIS PRIOR POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE AND DELIVERY OF A CONTROLLED SUBSTANCE CONVICTIONS.**

Suggested Answer:  In the Affirmative.


## III.    ARGUMENT

"In this case, the Government embarks upon a campaign of perplexity rather than the simple task of interpretation at hand. Nevertheless, a few points bear highlighting. First, in response to Mr. Holland's argument that the Pennsylvania controlled substance statute is broader than the definition of a controlled substance offense under U.S.S.G. § 4B1.2, the Government essentially asserts that there is no legal distinction in the words "delivery" and "distribution," and the former is "subsumed in the broader definition" of the latter. Such an argument is insupportable. The words are not interchangeable. Providing further indicia, the definition section of 35 Pa. C.S.A. § 780-102 makes dramatically clear the distinction between "delivery" and "distribution." The Pennsylvania legislature deliberately separated those terms out and

2

defined those terms differently. Specifically, "delivery" "means the actual, constructive, or attempted transfer from one person to another of a controlled substance . . . ." 35 Pa. C.S.A. § 780-112. Notably, "distribution" is not included in that definition. While the definition section makes a distinction between the two words, the statute itself, § 780-113(a)(30), mentions nothing about distribution. If the Pennsylvania legislature had not intended to make a distinction, it would have not defined the words separately. Its decision to separate them out establishes the unavoidable truth: there is a distinction between the two words. Indeed, if "delivery" and "distribution" are interpreted as having the same meaning, one would be mere surplusage. See Freeman v. Quicken Loans, Inc., 566 U.S. 624, 635 (2012) (statutes generally should be construed so as to avoid surplusage).

Likewise providing additional support that a distinction between "delivery" and "distribution" is not merely semantic sport, Black's Law Dictionary defines "delivery" in the drug context as "the actual, constructive, or attempted transfer from one person to another of a controlled substance." Black's Law Dictionary 429 (6th ed. 1990). Again, nowhere does that definition include distribution.

In any event, assuming arguendo that there is ambiguity in the definition, then the rule of lenity should apply. The rule of lenity applies to the Sentencing Guidelines and requires a court to infer the rationale most favorable to a defendant. See United States v. Flemming, 617 F.3d 252 (3d Cir. 2010) (applying rule of lenity to resolve ambiguity in guidelines in defendant's favor).

Second, the Government repeatedly fails to appreciate that the Pennsylvania definition of "delivery" is broader because it criminalizes the transfer of possession without any consideration. Pennsylvania defines "delivery" as the "actual, constructive or attempted transfer from one person to another . . . ." 35 Pa. C.S.A. § 780-102 (emphasis added). By stark contrast,

3

the federal equivalent does not include a "transfer." See U.S.S.G. § 4B1.2. In fact, in federal

court, a person who shares drugs with another person is not guilty of "delivery." See United

States v. Swiderski, 548 F.2d 445 (2d Cir. 1977).

Finally, the Government's attempt to distance itself from the Fifth Circuit's holding in

United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016) is understandable: Hinkle is compelling.

Analogously to Mr. Holland, the Fifth Circuit analyzed a prior state court conviction for delivery

of a controlled substance and whether it constituted a "controlled substance offense" for

purposes of the career offender guidelines under U.S.S.G. § 4B1.2. The panel there found that

the Texas delivery statute covered a "broader swath of conduct" than the generic federal

controlled substance definition because Texas included an alternative method to commit the

offense namely, an "offer to sell" within its definition of delivery where the federal generic

definition did not. Similarly, Pennsylvania's controlled substance act is different from its federal

counterpart, which includes conduct that is broader than federal law." See Appellant's brief for

United States v. Malachi Glass, Docket No. 16-2906, presently pending before the Third Circuit

Court of Appeals.


## IV.    CONCLUSION

For all the foregoing reasons, Mr. Holland's prior Pennsylvania state court convictions

are not a "controlled substance offense" under U.S.S.G. § 4B1.2 and this Court should find Mr.

Holland does not meet the criteria to be designated a career offender.  Further, this Court should

rule the Presentence Report incorrectly concluded that Mr. Holland is a career offender under the

sentencing guidelines.

Respectfully submitted,


Date: May 25, 2018                    */s/ Wendy J. F. Grella*
                                      Wendy J. F. Grella, Esquire
                                      *Court Appointed Counsel for Kevin Holland*
                                      ID- PA85164
                                      1119 North Front Street
                                      Suite 1
                                      Harrisburg, PA   17102
                                      (717) 576-0549

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 25th day of May, 2018, I caused the foregoing document to be filed via ECF and that Assistant United States Attorney Joseph Terz is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Date: May 25, 2018               s/Wendy J. F. Grella_____
                                 Wendy J. F. Grella, Esquire
                                 ID- PA85164
                                 1119 North Front Street
                                 Suite 1
                                 Harrisburg, PA   17102
                                 (717) 576-0549