UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | No. 1:16-CR-00322 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | (Judge Mehalchick) |
| KEVIN DWIGHT HOLLAND, | ) | |
| Defendant. | ) | Electronically Filed |

## UNITED STATES' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF FORFEITED PROPERTY

The United States files this brief in response to Defendant Kevin Dwight Holland's Motion for Return of Forfeited Property. Doc. 78. Holland's motion seeks a court order directing the United States to return the $1332 in cash the Susquehanna Township Police took from him when he was arrested in 2016. As argued in more detail below, the United States does not, and has never had, possession of $1332 in United States currency, and therefore the Court should deny Holland's motions.

## I.   BACKGROUND

On February 8, 2016, the Susquehanna Township Police arrested Defendant Kevin Dwight Holland ("Holland") in the parking lot of the Days Inn Motel located in Harrisburg, Pennsylvania. Doc. 48 (PSR) at ¶¶ 4-6. When police searched Holland after his arrest, they recovered a loaded handgun and about four ounces of crack cocaine. Id. at ¶6. Police

also seized approximately $1,332.00 in cash. Doc. 78, Exhibit A. The Susquehanna P.D. referred the matter to the Bureau of Alcohol, Tobacco, and Firearms who in turned presented the matter to the United States Attorney's Office for prosecution.

On November 2, 2016, a grand jury returned a three count Indictment charging Holland with possession with the intent to distribute 28 grams and more of cocaine base in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1. The Indictment did not include a Notice of Forfeiture.

On October 2, 2017, Holland pleaded guilty to all three counts without a plea agreement. Docs. 42, 44 and 45. On June 12, 2018, the district court sentenced Holland to a term of imprisonment of 210 months which he is currently serving. Doc. 60.

On August 13, 2024, more than six years after the entry of the judgment, Holland filed a *pro se* motion pursuant to Fed.R.Crim.P. 41(g) for the return of the $1360 in cash Susquehanna P.D. seized at the time of his arrest. Doc.78.

## II. ARGUMENT

### A. The Legal Standard

Fed.R.Crim.P. 41(g) provides that "a person aggrieved by an unlawful search and seizure of property may move for the property's return." If a party seeks the return of property while a criminal proceeding is pending, the party bears the burden of demonstrating the right to possession. *United States v. Chambers*, 192 F.3d 374, 377(3rd Cir. 1999). However, if a party seeks the return of property after the end of criminal proceedings, the party is presumed to have a right to the property's return, and the burden shift to the government to show a legitimate reason for retaining the property. *Id.* The remedy Rule 41(g) affords is a limited one. *United States v. Albinson*, 356 F.3d 278, 283 (3d Cir. 2004). If the government lost, destroyed, or otherwise disposed of the property, no remedy such as damages is available. *Id.*

However, "a motion for return of property is not rendered moot because the government lost, destroyed, or otherwise disposed of the property and therefore no longer possesses the seized property." *Chambers*, 192 F.3d at 378. In a case where the government alleges that it no longer possesses the property a district court should employ a two-step inquiry. First, a district court must determine whether in fact

the government has possession of the property, and second, determine what happened to the property if the government no longer possesses it. *Albinson,* at 281. As part of its two-step inquiry, "[t]he court shall receive evidence on any issue of fact necessary to the decision on the motion." Rule 41(g). If the court receives evidence, such as affidavits or chain of custody records, that sufficiently support the court's findings, "a district court need not necessarily conduct an evidentiary hearing on every Rue 41(g) motion." *Id.* at 283.

    1.   <u>The United States does not Possess the $1332 in cash Seized from Holland</u>.

The United States does not possess, nor has it ever possessed the $1332 in cash. The Susquehanna Township Police Property Report Holland attached to his motion shows that the Township police, not ATF, seized and inventoried the cash. Doc. 78, Exhibit "A". Furthermore, ATF records show that ATF did not take possession of the cash. Exhibit 1, Affidavit of SA Michael O'Donnell, Resident Agent in Charge, Harrisburg Field Office. SA O'Donnell accessed and read the ATF Case Management System for *US v. Holland*, 1:16-CR-00322. *Id.* at ¶3. The Case Management System includes a section in which ATF documents evidence transferred to ATF's custody. *Id.* at ¶4. SA

O'Donnell located no entries in the official ATF case file that indicate that ATF took custody of the $1332 in cash, or for that matter, any items police seized from Holland. *Id.*

As noted above, the only evidence that Holland has presented in support of his motion is the Susquehanna Township Police Department Property Record. Doc. 78, Exhibit "A". That document however shows that the Township Police, not ATF, possessed the $1332 in cash. Holland has presented no evidence showing that Township Police transferred possession of the cash to ATF. In sum, Holland cannot rebut the government's evidence that ATF never seized or possessed the property. *Chambers*, 192 F.3d at 377. With respect to step two of the inquiry, the evidence shows that $1332 remained in the custody of the state. *Albinson,* at 281. The police Evidence Control Tag shows that police documented the receipt of $1332 (Item No. 2) on February 8, 2026, at 2353 hours.[1] *See,* Exhibit 2.

---

[1] Susquehanna Police initially advised government counsel that they believed the $1332 was forfeited by the state. Subsequently, government counsel was advised that the $1332 remains in a "holding account" that Dauphin County maintains with the Commonwealth of Pennsylvania, Department of Treasury. The United States prepared and forwarded an affidavit to be signed by an employee of Dauphin County with personal knowledge about the deposit of the $1332 in the "holding account." As of the date of this filing, the United States has not received a response.

5

In sum, Holland cannot rebut the government's evidence that ATF does not possess the property and that it remained in the custody of the state.

### 2. Holland's Motion is Barred by the Statute of Limitations

In *United States v. Brooks,* 448 F. App'x 187, 188 (3d Cir.2011), the Third Circuit affirmed, in a *per curiam* decision, a district court's determination that a six year statute of limitations period applies to claims brought under Fed.R.Civ.P. 41(g). The Third Circuit relied primarily on the Second Circuit's decision in *Bertin v. United States,* 478 F.3d 489, 492 (2d Cir.2007). In *Bertin,* the Second Circuit explained that, "[b]ecause [n]o statute of limitations governs motions for return of property under Rule 41(g) ... the six-year catch-all statute of limitations for civil actions against the federal government is applied to certain Rule 41(g) motions." *Id.* at 492–93 (citations and internal quotation marks omitted) (citing 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). In *Bertin,* the Second Circuit held that where "there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during

6

which the claimant could have sought the return of his property by motion, but neither sought such return nor received his property." *Bertin v. United States,* 478 F.3d at 493. The Second Circuit found that the defendant's Rule 41(g) motion accrued on the day that he was sentenced and judgment was entered. *Id.* at 494. Based on the Third Circuit's reliance on *Bertin,* for purposes of the statute of limitations for Rule 41(g), the end of criminal proceedings is, at the very earliest, the date that judgment is entered against a defendant.

In this case, Holland was sentenced (and judgment entered) on June 12, 2018, and there were no federal forfeiture proceedings. Therefore, his Rule 41(g) motion accrued on June 12, 2018. He filed the motion on August 13, 2024, beyond the six-year statute-of-limitations period in 28 U.S.C. §2401(a). It is therefore time-barred. [2]

---

[2] Courts have held that equitable tolling may be available for actions against the federal government. *Long v. Frank,* 22 F.3d 54, 58 (2d Cir.1994) (*citing Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96 (1990). "Equitable tolling applies only in the rare and exceptional circumstance." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). Holland must show that extraordinary circumstances prevented him from filing his petition on time. *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996). In addition, to the extent that Holland argues the court should toll the statute of limitations, he must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll. *Id.*

7

### 3. A Hearing Is Not Necessary to Decide Holland's Motion

If there is sufficient evidence to support the court's findings, "[a] district court need not necessarily conduct an evidentiary hearing on every Rue 41(g) motion." *Id.* at 283. The United States has presented the Affidavit of SA O'Donnell which shows that ATF does not, and never has, possessed the cash. Thus, a hearing is not needed to determine a "disputed issue of fact necessary to resolution of the motion." *Albinson,* 356 F.3d at 282 (quoting *Chambers,* 192 F.3d at 378).

### III. CONCLUSION

For the reasons set forth above, the Court should deny Holland's motion without an evidentiary hearing.

    Respectfully submitted,

    JOHN C. GURGANUS
    Acting United States Attorney

Date: May 7, 2025    /s/ Joseph J. Terz
    JOSEPH J. TERZ
    Assistant U.S. Attorney
    PA 55480
    1501 N. 6th Street, Box 202
    Harrisburg, PA 17102
    Tel: (717) 221-4482
    joseph.terz@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | No. 1:16-CR-00322 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | (Judge Mehalchick) |
| KEVIN DWIGHT HOLLAND, | ) | |
| Defendant. | ) | Electronically Filed |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on May 7, 2025, she served a copy of the attached Brief in Opposition to Defendant's Motion for Return of Property via First Class Mail, addressed as follows:

Kevin D. Holland – 75499-067
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, CT 06811

/s/ Samantha Deibert
Samantha Deibert
Supervisory Legal Assistant