UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 1:16-CR-00322 |
| KEVIN DWIGHT HOLLAND, | (MEHALCHICK, J.) |
| Defendant. | |

**ORDER**

Before the Court is a Rule 41(g) motion for return of property filed by Defendant Kevin Dwight Holland ("Holland") on August 13, 2024. (Doc. 78). This case was reassigned to the undersigned on September 3, 2024. On February 4, 2025, the Court directed the Government to file a response to Holland's motion. (Doc. 79). On May 7, 2025, the Government filed a brief in opposition to Holland's motion. (Doc. 86). Accordingly, the motion is ripe and ready for disposition.

In his motion, Holland provides that on February 8, 2016, he was arrested by the Susquehanna Township Police Department for possession of a controlled substance and semi-automatic pistol. (Doc. 78, at 1). Susquehanna Township Police seized drugs, a pistol, multiple cell phones, and $1332.00 from Holland. (Doc. 78, at 1; Doc. 78-1). On June 12, 2018, Holland was sentenced to 210 months of imprisonment. (Doc. 78, at 1). He now argues that the Government must return the $1322.00 seized, as it was not involved in a controlled buy and did not appear in the criminal indictment as proceeds of a criminal act. (Doc. 78, at 1).

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). In other words, Rule 41(g)

"allows persons deprived of property by the government to petition the courts to get it back." *United States v. Nocito*, 64 F.4th 76, 78 (3d. Cir. 2023). The district court has jurisdiction to review a motion to return property after the termination of criminal proceedings. *See United States v. Chambers*, 192 F.3d 374, 376 (3d. Cir. 1999) (citing *United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir. 1987) (explaining that "[a] district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant.").

A Rule 41(g) motion may be treated as "an independent civil action for equitable relief." *United States v. Pitts*, 639 F. App'x 105, 107 (3d. Cir. 2016) (citing *Chambers*, 192 F.3d at 376). Therefore, an order denying a Rule 41(g) motion may be considered a final order because the motion can be made independently of criminal proceedings and "premised entirely on property rights." *Nocito*, 64 F.4th at 81. Although addressed by the same rule of criminal procedure, a motion to return property is not the same as a motion to suppress, because a Rule 41(g) motion "is concerned with those whose property or privacy interests are impaired by the seizure." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1173 (9th Cir. 2010) (en banc) (per curiam) (overturned on other grounds). "It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *Chambers*, 192 F.3d at 376. When property has already been forfeited to the government, it cannot be recovered through a Rule 41(g) motion. *See Williams v. Drug Enforcement Admin.*, 620 F. App'x 72, 74 (3d Cir. 2015); *see also United States v. Pelullo*, 178 F.3d 196, 201 (3d Cir. 1999) (stating that a forfeiture order is final and "acts to divest the defendant of any remaining interest in the property."); *see also United States v. Rowland*, No. 23-1821, 2024

WL 3250909, at *1 (3d Cir. 2024) (finding a Rule 41(g) motion premature because the property had not yet been subject to forfeiture). Should the court grant a Rule 41 motion, the property must be returned to the movant. *See* FED. R. CRIM. P. 41(g); *see also Chambers*, 192 F.3d at 377 ("Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'") (quoting *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)). However, the court may impose "reasonable conditions to protect access to the property and its use in later proceedings." FED. R. CRIM. P. 41(g). *See Nocito*, 64 F.4th at 82 (finding that courts can "maintain access to the returned property to enable its use at future proceedings," in order to avoid unlawful suppression of evidence).

In cases where the government alleges that it no longer possesses the property, district courts engage in a two-step inquiry. *United States v. Albinson*, 356 F.3d 278, 283 (3d Cir. 2004). First, a district court looks to whether government has possession of the property, and second, the court must determine what happened to the property if the government no longer possesses it. *Albinson*, at 281. As part of its two-step inquiry, "[t]he court shall receive evidence on any issue of fact necessary to the decision on the motion." Rule 41(g). An evidentiary hearing is required unless the court receives such evidence. *Albinson*, at 283-84. Regardless, a six-year statute of limitations period applies to claims brought under Rule 41(g). *See United States v. Brooks,* 448 F. App'x 187, 188 (3d Cir. 2011).

Here, Holland was sentenced on June 12, 2018. (Doc. 86, at 7). Judgment was entered on this same date. Following sentencing, there were no federal forfeiture proceedings. (Doc. 86, at 7). Thus, Holland's Rule 41(g) motion accrued on June 12, 2018. *See United States v.*

3

*Crawford*, No. CRIM.A. 03-105, 2013 WL 1442554 (E.D. Pa. Apr. 8, 2013) (explaining that when there are no federal forfeiture proceedings, the six-year statute of limitations for a Rule 41 (g) motion accrues on the date of judgment). Because Holland filed the instant motion on August 13, 2024, beyond the six-year statute-of-limitations period in 28 U.S.C. §2401(a), his motion is time-barred. As such, **IT IS HEREBY ORDERED** that the instant Rule 41(g) motion for return of property is **DENIED**. (Doc. 78). The Clerk of Court is directed to **CLOSE** this matter.

                                                  **BY THE COURT:**

**Dated: October 2, 2025**                         *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States District Judge**